IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kylie E. Blackmon-Taylor, ) | Civil Action 2:14-132-SB-WWD |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| Saks Fifth Avenue, Inc., d/b/a ) | |
| Saks Fifth Avenue-Off 5th, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This employment discrimination and breach of employment contract case is before the undersigned United States Magistrate Judge for a report and recommendation on the Defendant's motion to dismiss the breach of contract cause of action (Dkt. 9). 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2)(e), DSC.

The Plaintiff, Kylie E. Blackmon-Taylor, sued her former employer, Defendant Saks Fifth Avenue, Inc., on January 16, 2014, and alleged various violations of employment discrimination laws and a breach of employment contract claim. The Defendant's motion was filed on June 30, 2014. The Plaintiff did not file an opposition to the motion and the deadline for motions to amend the pleadings, August 18, 2014, has expired. The case was reassigned to the undersigned on June 27, 2014. Hence, it appears consideration of the motion is appropriate.

**Standard for Dismissal Under Rule 12(b)(6)**

The Defendant's motion is brought pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6), under which a complaint must be dismissed if it "fails to state a claim upon which relief can be

1

granted." The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the plaintiff's complaint. Edwards v. Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A motion to dismiss should be granted where the complaint either fails to allege all of the elements for a cause of action or sufficient facts to support these elements. See Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

Therefore, to avoid dismissal at the pleading stage, the complaint must contain well-pleaded factual allegations that plausibly give rise to an entitlement to relief. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Twombly and Iqbal emphasize that even under a notice pleading regime, a complaint must contain sufficient evidentiary facts to raise a plausible, as opposed to just conceivable, inference that the Plaintiff is entitled to relief. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680. Under Twombly, a Plaintiff must allege enough facts "'to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 570).

## Discussion

A review of the record and relevant case law reveals that the Plaintiff has not

stated a claim for breach of contract and the Defendant's motion should be granted.

In her third cause of action, the Plaintiff alleged that the Defendant terminated her employment in breach of an employment contract (Compl. ¶ 62), however, the complaint does not contain allegations sufficient to render plausible the existence of an employment contract.

"There is a presumption in South Carolina that employees are at-will, and in order to survive a Rule 12 motion to dismiss on a claim for breach of a contract of employment, a Plaintiff must 'plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship... .'" Amason v. P. K. Mgmt., LLC, No. 10-1752, 2011 WL 1100169, at 6 (D.S.C. Mar. 23, 2011); see also Prescott v. Farmer's Tel. Co-Op., Inc., 516 S.E.2d 923, 927, n.8 (S.C. 1999) (In South Carolina, "there is a presumption of at-will employment").

Here, Plaintiff alleged that the Defendant had a handbook which "created a contract between the Plaintiff and the Defendant for employment," and that she also "signed a number of documents when she was hired, entering into a contract of employment." (Compl. ¶¶ 55, 60).  The Plaintiff then alleged that, pursuant to the contract, "she would be paid for working." Compl. ¶ 60.  These allegations, however, "do not establish the existence of an employment contract, as any job is going to involve an offer (by the employer) and acceptance (by the employee), as well as the terms of the employment (things such as a starting salary, etc.)." Cook v. Dolgen Corp. LLC,  2013 WL 5408670 (D.S.C. Sept. 25, 2013).

The Plaintiff also alleged that the language in Defendant's employee handbook altered the at-will employment status, and she provides a series of quotes from the

Defendant's handbook in her Complaint. See Compl. ¶¶ 58, 59.  The Plaintiff attached a copy of portions of the handbook to her Complaint as well. See Compl. Ex. A. Nonetheless, these  allegations do not save her contract claim from dismissal.

Under South Carolina law, for language in an employee handbook to create binding contractual obligations, the cited provisions or policies must be drafted in sufficiently mandatory terms to give rise to a reasonable expectation on the part of the employee of *continued* employment. See Small v. Springs Indus., Inc., 357 S.E.2d 452, 455 (S.C. 1987).  While Plaintiff claimed "the Defendant's handbook has mandatory language" sufficient to state a plausible claim for relief for breach of contract, the passages Plaintiff quoted are merely instructions to employees addressing such topics as what type of conduct is permitted and not permitted while at work, how employees should treat customers, the location of performance, and style requirements.  Compl. ¶ 59.  The Plaintiff identified no language that in any way limits the ability of the Defendant to terminate her employment at any time, for any reason, or for no reason at all.  The language cited by Plaintiff simply is not sufficient to establish even a plausible claim that Plaintiff had a contract of employment by virtue of this handbook. See Wadford v. Hartford Fire Ins. Co., 1988 WL 492127, at 5 (D.S.C. Aug. 11, 1988) ("A review of the relevant authorities ... reveals that a policy or representation must limit the duration of employment or the employer's right to terminate employment in order to alter at-will status.  Other terms and conditions of employment, including pay, benefits, job duties, or location of performance may be changed prospectively by either party without violating an employment contract with an indefinite term."); Storms v. Goodyear Tire & Rubber Co., 775 F. Supp. 862, 867 (D.S.C. 1991) (noting that language cited by

the employee was "not couched in mandatory terms and [did] not contain language that specifically [limited] the employer's right to demote or terminate [the Plaintiff] without cause").

Thus, it appears that the Defendant is entitled to dismissal of this action due to the Plaintiff's failure to plead sufficient factual allegations which establish the existence of an employment contract beyond the at-will relationship.

## Conclusion

Accordingly, for the aforementioned reasons, it is recommended that the Defendant's motion to dismiss the breach of contract cause of action be granted.

IT IS SO RECOMMENDED.

August 22, 2014
Charleston, South Carolina

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).