IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kylie E. Blackmon-Taylor, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:14-cv-132-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Saks Fifth Avenue, Inc. d/b/a Saks Fifth ) | |
| Avenue-Off 5th, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 19) recommending that this Court grant Defendant's Partial Motion to Dismiss. (Dkt. No. 9). The Court hereby adopts the R&R, grants Respondent's motion, and dismisses Plaintiff's third claim, breach of contract.

Plaintiff Blackmon-Taylor sued her former employer, Defendant Saks Fifth Avenue, alleging that when the company fired her, it violated her rights under Title VII of the Civil Rights Act and the Pregnancy Discrimination Act, and that it also breached an implied contract for employment. (Dckt. No 1).

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A motion to dismiss should be granted where the complaint either fails to allege all of the elements for a cause of action or sufficient facts to support these elements. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiff alleged in her complaint that a contract for employment was formed by the fact that she had a handbook of mandatory rules of employment , that she "signed a number of

documents when she was hired," and that she was "paid for working." (Dkt. No. 1) As Defendant and the Magistrate Judge have explained, existence of employment and payment do not constitute an employment contract sufficient to overcome the presumption in South Carolina that employment is at-will, and that employment may generally be terminated at the discretion of the employer. (Dkt. No. 9-1 at 3; Dkt. No. 19 at 3-5). The complaint therefore does not allege facts sufficient to state a claim pursuant to *Iqbal* and *Twombly*.

Upon the issuance of the R&R, Plaintiff was advised that any written objections to the R&R must be made within 14 days of service, and that in the absence of timely written objections this Court would provide limited "clear error" review and Plaintiff would waive her right to appeal the judgment of the District Court. (Dkt. No. 37-1). Plaintiff has not responded to Defendant's motion, and has not filed objections to the R&R.

The Court has reviewed the R&R, the full administrative record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that the breach of contract claim should be dismissed. Therefore, the Court hereby **adopts** the R&R as the order of this Court, **grants** Respondent's Partial Motion to Dismiss, and **dismisses** the breach of contract claim.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 10, 2014
Charleston, South Carolina